IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv133

| | |
|---|---|
| **BRIAN E. PELTIER,** ) ) **Plaintiff,** ) ) v. ) ) **JUDGE GREGORY MATHIS, et al.,** ) ) **Defendants.** ) _____ ) | **ORDER** |

Pending before the Court is the Motion to Dismiss filed by Defendants [# 15]. Plaintiff, who is proceeding *pro se* in this matter, will now be advised of his obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that Defendants have filed a Motion to Dismiss. In its motion, Defendants contend that the claims asserted against it are subject to dismissal pursuant to Rule 12(b)(2) and (3) because the Court lacks personal jurisdiction over Defendants and the Western District of North Carolina is not the proper venue for this dispute.

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that the Court may dismiss a case on the basis of improper venue. Here, Defendants

contend that venue is improper in this case as the result of a forum selection cause contained in an Arbitration Agreement. This forum selection clause provides that any litigation arising out of the agreement shall be filed in a Los Angeles, California court. In responding to the Motion to Dismiss, Plaintiff should address whether venue if proper in the Western District of North Carolina and whether the forum selection clause in the Arbitration Agreement is applicable to this dispute.

Rule 12(b)(2) provides that the Court may dismiss a defendant where the Court lacks personal jurisdiction over that Defendant. A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Courts are provided flexibility in how the address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.) However, when the District Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Id.; Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60

(4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiff has satisfied their burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts have compressed this two-step inquiry into a single inquiry, see CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1

(W.D.N.C.1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C.2003).

Absent this Court holding an evidentiary hearing, Plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over Defendants. In responding to the Motion to Dismiss, however, Plaintiff must demonstrate that the Court has personal jurisdiction over Defendants or face the dismissal of this action. Plaintiff is advised that the method for responding to Defendants' motion requires that he file a written "response" to Defendants' motion within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiff must certify that he has made such service in a "certificate of service" indicating the manner in which such service was made. Accordingly, the Court **INSTRUCTS** Plaintiff that he should file a written response to Defendants' Motion to Dismiss by October 20, 2015. Plaintiff's written response should not exceed twenty-five pages in length. The failure to respond to the motion may result in an Order being entered dismissing Plaintiff's case.

Signed: September 22, 2015

Dennis L. Howell
United States Magistrate Judge