# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv133

| | |
|---|---|
| BRIAN E. PELTIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JUDGE GREGORY MATHIS, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Dismiss filed by Defendants [# 33]. Plaintiff, who is proceeding *pro se* in this matter, will now be advised of his obligation to respond and the time for doing so.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding *pro se*, is cautioned that Defendants have filed a Motion to Dismiss. In its motion, Defendants contend that the claims asserted against it are subject to dismissal pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction over this dispute. In addition, Defendants contend that dismissal is proper under Rule 12(b)(2) and (3) because the Court lacks personal jurisdiction over Defendants and the Western District of North Carolina is not the proper venue for this dispute. Finally, Defendants contend that the claims for

-1-

breach of contract, fraud, deception, and to set aside the arbitration award are subject to dismissal pursuant to Rule 12(b)(6) because the allegations in the Amended Complaint fail to state a claim.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that the Court may dismiss a complaint whether it lacks subject-matter jurisdiction over the dispute. Defendants contend that the Amended Complaint fails to assert a basis for this Court exercising subject matter jurisdiction over this dispute. "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant contends that a complaint fails to allege facts giving rise to subject matter jurisdiction, the plaintiff is accorded the same considerations as a Rule 12(b)(6) motion. Kerns v. U.S., 585 F.3d 187, 192 (4th Cir. 2009). However, where a defendant contends that the jurisdictional facts are not true, the trial court may go beyond the allegations in the complaint and hold an evidentiary hearing without converting the motion into a motion for summary judgement. Id. Accordingly, in responding to the Motion to Dismiss, Plaintiff will need to demonstrate to the Court that it has subject matter jurisdiction over this dispute because this Court must dismiss the Amended Complaint if the Court lacks subject matter jurisdiction.

Rule 12(b)(3) provides that the Court may dismiss a case on the basis of improper venue. Here, Defendants contend that venue is improper in this case as the result of a forum selection cause contained in an Arbitration Agreement. This forum selection clause provides that any litigation arising out of the agreement shall be filed in a Los Angeles, California court. In responding to the Motion to Dismiss, Plaintiff should address whether venue if proper in the Western District of North Carolina and whether the forum selection clause in the Arbitration Agreement is applicable to this dispute.

Rule 12(b)(2) provides that the Court may dismiss a defendant where the Court lacks personal jurisdiction over that Defendant. A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Courts are provided flexibility in how the address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.) However, when the District Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, a

plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Id.; Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiff has satisfied their burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts have compressed this two-step inquiry into a single inquiry, see CEM Corp. v. Personal

Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1 (W.D.N.C.1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C.2003).

Absent this Court holding an evidentiary hearing, Plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over Defendants. In responding to the Motion to Dismiss, however, Plaintiff must demonstrate that the Court has personal jurisdiction over Defendants or face the dismissal of this action.

Finally, rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiff must show that he has made sufficient allegations to support a cause of action against such defendant that is recognized by law. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "plausible on its face." Id., at 570. The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S. Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation and citation omitted). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id.

While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on

a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Plaintiff is advised that the method for responding to Defendants' motion requires that he file a written "response" to Defendants' motion within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiff must certify that he has made such service in a "certificate of service" indicating the manner in which such service was made. Accordingly, the Court **INSTRUCTS** Plaintiff that he should file a written response to Defendants' Motion to Dismiss by February 14, 2016. Plaintiff's written response should not exceed twenty-five pages in length. The failure to respond to the motion may result in an Order being entered dismissing Plaintiff's case.

Signed: February 1, 2016

Dennis L. Howell
United States Magistrate Judge