**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv133**

| | | |
|---|---|---|
| **BRIAN E. PELTIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **GREGORY MATHIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Dismiss [# 33]. Plaintiff brought

this action asserting claims against Defendants arising out of his participation in

the television program Judge Mathis. Defendants move to dismiss the Amended

Complaint in its entirety. The Court **RECOMMENDS** that the District Court

**GRANT** the Motion to Dismiss [# 33] and **DISMISS without prejudice** this

action.

### I.    Background

Plaintiff is a resident of Buncombe County, North Carolina. (Pl.'s Am.

Compl. p. 2, ECF No. 29.) On March 9, 2015, Plaintiff filed suit against Christina

Correll in state court asserting damages in the amount of $4,247.00. (Id. p. 5; Ex.

D to Pl.'s Am. Compl., ECF No. 29-1.) Several weeks after filing suit, Defendant

Johnathan Sebastian solicited Plaintiff via letters and phone calls on behalf of the Judge Mathis television program. (Pl.'s Am. Compl. pp 4-5; Ex. A to Pl.'s Compl., ECF No. 29-1.) Defendant Sebastian is employed by Defendant AND Syndicated Productions. (Chilton Aff. ¶¶ 5-6.)

Defendant Sebastian is a producer for Judge Mathis and a resident of Louisiana. (Pl.'s Am. Compl. p. 4-5; Chilton Aff. ¶ 6, ECF No. 29-1.). Similarly, the other named Defendants are all citizens and residents of states other than North Carolina. (Pl.'s Am. Compl. pp. 1-3; Chilton Aff. ¶¶ 7-9.)

Plaintiff alleges that Defendants defrauded him and engaged in predatory solicitation in order to get Plaintiff to sign an Arbitration Agreement and Release ("Arbitration Agreement") whereby Plaintiff agreed to submit his previously filed claim to arbitration before Judge Greg Mathis. (Pl.'s Am. Compl. pp. 5-6; Ex. D. to Pl.'s Am. Compl., ECF No. 29-1.) Specifically, Plaintiff contends that he was not provided a copy of the agreement prior to arriving in Chicago, and that he is disabled and suffers from major depressive disorder and post-traumatic stress disorder. (Pl.'s Am. Compl. pp 5-6.)

Plaintiff signed the Arbitration Agreement and an Appearance Agreement and Release on May 6, 2015. (Ex. D to Pl.'s Compl.; Ex. E to Pl.'s Compl. ECF No. 29-1.) As part of the arbitration process, Plaintiff amended his claim to $3,975

and Correll agreed to arbitrate a counterclaim for $2,000.00. (Ex. D to Pl.'s Compl.)

It appears that Plaintiff and Correll subsequently appeared before Judge Mathis in the case of Peltier vs. Carrell, and that the appearance was recorded in Chicago at the NBC Chicago studio. (Pl.'s Am. Compl. p 7.) Although not entirely clear from the Amended Complaint, it appears that Judge Mathis rendered a decision on the underlying claim. Plaintiff then brought this action to vacate the arbitration decision. In addition, Plaintiff asserts a number of other claims, including breach of contract and fraud. Plaintiff also claims that Defendant Mathis made defamatory remarks about Plaintiff that caused him injury. (Id. p. 13.) Plaintiff seeks an injunction prohibiting the airing of the case of Peltier vs. Carrell, as well as $900,000.00 in damages. (Id. pp 3, 7.)

Defendants now move to dismiss the Amended Complaint. The District Court referred the motion to this Court. Accordingly, the Motion to Dismiss is properly before this Court for a Memorandum and Recommendation to the District Court.

## II.     Analysis

### A. Subject Matter Jurisdiction is Proper in this Court

As an initial matter, Defendants move to dismiss the Amended Complaint

for lack of subject matter jurisdiction.  While the Court agrees with Defendants that there is no federal question jurisdiction in this case,[1] the Court finds that the Amended Complaint contains sufficient allegations to find diversity jurisdiction.

Diversity jurisdiction is proper in federal court where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C.A. § 1332.  Here, the parties are completely diverse; Plaintiff is a citizen of North Carolina, and Defendants are all citizens of states other than North Carolina. There are no allegations that any of the Defendants are North Carolina residents. In addition to the claim for injunctive relief, Plaintiff seeks $900,000.00 in damages against Defendants.  As such, the face of the Amended Complaint asserts a claim in excess of $75,000.00.

The amount claimed by a plaintiff in the complaint ordinarily controls a determination of the amount in controversy.  JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C., 491 F.3d 171, 176 (4th Cir. 2007).  "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed."  Frashier, 624 F.3d at 638 (internal quotation and citation omitted) (emphasis in original).  As

---

1  The Federal Arbitration Act does not create federal question jurisdiction.  Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C., 491 F.3d 171, 175 (4th Cir. 2007).

-4-

the Fourth Circuit explained in <u>Frashier</u>:

> Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden. They must show "the legal impossibility of recovery" to be "so certain as virtually to negative the plaintiff's good faith in asserting the claim." <u>Wiggins v. N. Am. Equitable Life Assurance Co.</u>, 644 F.2d 1014, 1017 (4th Cir.1981) (internal quotation omitted). A mere dispute over the mathematical accuracy of a plaintiff's damages calculation does not constitute such a showing. <u>See</u> <u>McDonald v. Patton</u>, 240 F.2d 424, 425 (4th Cir.1957) (noting that plaintiffs may secure federal jurisdiction even when "it is apparent on the face of the claim" that the claim to the requisite amount is subject to a "valid defense").

<u>Id.</u>

Although Defendants state in a footnote that diversity jurisdiction is not proper in this case despite Plaintiff's factual allegations regarding the amount in controversy, they have failed to set forth anything other than a conclusory statement that the allegations in the Amended Complaint were not made in good faith. And while Plaintiff, like virtually every *pro se* plaintiff, may have overstated the value of his claim in the Amended Complaint, Defendants have not satisfied their heavy burden of attacking the amount of controversy in this case. This Court cannot hold as a matter of law that it would be a legal impossibility for Plaintiff to recover $75,000.00 in this dispute. Accordingly, the Court finds that subject matter jurisdiction is proper in this case pursuant to 28 U.S.C.A. § 1332.

### B. Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure provide for the dismissal of a defendant where the Court lacks personal jurisdiction over the defendant. A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Courts are provided flexibility in how they address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322, at *2 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.); Protocol, LLC v. Henderson, 18 F. Supp. 3d 689, 695 (M.D.N.C. 2014). However, when a Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, such as the case here, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiff has satisfied his burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts often compress this two-step inquiry into a single inquiry, see CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1 (W.D.N.C.1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C.2003).

Personal jurisdiction may either be specific or general. ALS Scan Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). Where a

defendant's contacts with the forum state also provide the basis for the suit against the defendant, the contacts may establish specific jurisdiction.  Id.; Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003).  "In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be considered reasonable."  Carefirst, 334 F.3d at 397 (internal quotation and citation omitted); see also Consulting Eng'r Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).  In contrast, where a defendant's contacts with the forum state are not also the basis of the claims, then jurisdiction over the defendant must constitute general jurisdiction.  Id.  "To establish general jurisdiction, the defendant's activities in the state must have been continuous and systematic."  Id. (internal quotations and citation omitted.)

Plaintiff has failed to set forth any factual allegations in the Amended Complaint to demonstrate that any of the Defendants are engaged in substantial activities within North Carolina or that Defendants' activities within North Carolina are continuous and systematic such that Defendants could be subject to general jurisdiction in North Carolina.  Accordingly, to the extent that personal

jurisdiction is proper against any of the Defendants in this case, Plaintiff will have to rely on specific jurisdiction.

1. <u>Defendants Mathis, Bergman, Warner Brothers, Time Warner, Inc., Telepictures Productions, Inc., NBC Universal Media, LLC, and Comcast Cable Communications, LLC</u>

Just as Plaintiff has failed to set forth a prima facie case of general jurisdiction against any of the Defendants, Plaintiff has similarly failed to set forth <u>any</u> factual allegations showing that this Court can exercise specific jurisdiction over Defendants Mathis, Warner Brothers, Time Warner, Inc., Telepictures Productions, Inc., NBC Universal Media, LLC, Bergman, and Comcast Cable Communications, LLC, as there are no allegations that these Defendants engaged in any conduct within North Carolina that would subject them to North Carolina's long arm statute or that would comport with the Due Process Clause of the Fourteenth Amendment. At most, the Amended Complaint alleges that these Defendants engaged in conduct in Illinois related to the taping of the Judge Mathis television program, the arbitration of Plaintiff's claim in Illinois pursuant to the Arbitration Agreement, and the failure to oversee the conduct occurring during the production of the program in Chicago. The burden is on Plaintiff to plead sufficient factual allegations in the Amended Complaint to demonstrate a prima facie case of personal jurisdiction over each Defendant. Having failed to do so, the

Court finds that the claims asserted against Defendants Mathis, Bergman, Warner Brothers, Time Warner, Inc., Telepictures Productions, Inc., NBC Universal Media, LLC, and Comcast Cable Communications, LLC in the Amended Complaint are subject to dismissal. Because this Court lacks personal jurisdiction over these Defendants, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss and dismiss the claims asserted against these Defendants without prejudice.

      2.  <u>Defendants Sebastian and AND Syndicated Productions, Inc.</u>

The North Carolina long arm statute provides that courts may exercise jurisdiction over an individual in an action claiming injury to a person or to property within North Carolina arising out of an act or omission by a defendant outside of North Carolina, provided that the on or about the time of the injury "[s]olicitation or services activities were carried on within [North Carolina] by or on behalf of the defendant . . ." N.C. Gen. Stat. § 1-75.4(4)(a). To rely on Section 1-75.4(4)(a), Plaintiff must suffer an injury in North Carolina, the injury must arise outside of North Carolina, and Defendants Sebastian and AND Syndicated Productions must have engaged in solicitation within North Carolina. <u>Vishay Intertechnology, Inc. v. Delta Int'l Corp.</u>, 696 F.2d 1062, 1067 (4th Cir. 1982); <u>Barclays Leasing, Inc. v. Nat'l Bus. Sys, Inc.</u>, 750 F. Supp. 184, 188 (W.D.N.C.

1990) (Potter, J.).  Plaintiff, need only claim an injury, not prove it at this stage.

Barclays, 750 F. Supp. at 188.

Plaintiff alleges that he suffered harm in North Carolina as a North Carolina resident as the result of acts of Defendants outside of North Carolina.  Moreover, the Amended Complaint specifically alleges that Defendant Sebastian, as a producer for AND Syndicated Productions, solicited Plaintiff in North Carolina. Defendant Sebastian first sent Plaintiff a letter via FedEx at his North Carolina address soliciting him to arbitrate his recently filed civil case on the Judge Mathis program.  (Ex. A to Pl.'s Am. Compl.; Pl.'s Am. Compl. at pp. 4-5.)  After Plaintiff ignored the letter, Defendant Sebastian began calling Plaintiff and leaving him voicemails in an attempt to solicit his participation in the Judge Mathis program.  (Pl.'s Am. Compl. p. 5.)  At some point, Plaintiff and Defendant Sebastian began speaking, and Plaintiff agreed to come to Chicago.  (Id.)  The two also exchanged documents via FedEx.  (Id. at pp. 5-6.)  Such activities on the part of Defendant Sebastian as an employee of Defendant AND Syndicated Productions to solicit Plaintiff into entering into the Arbitration Agreement and agreeing to arbitrate his civil claim as part of the Judge Mathis program are sufficient to satisfy the requirements of N.C. Gen. Stat. § 1-75.4(4)(a).  See Vishay, 696 F.2d at 1068.

The exercise of personal jurisdiction over both Sebastian and AND

Syndicated Productions also comports with the requirements of due process. Defendant Sebastian, as the production manager for AND Syndicated Productions, initiated repeated contacts with Plaintiff in North Carolina. Defendant Sebastian and AND Syndicated Productions were aware that Plaintiff was a resident of North Carolina, contacted him at his home in North Carolina, and contacted him in relation to a recent civil action Plaintiff filed in a North Carolina court. Plaintiff alleges that these contacts were a part of the fraud perpetrated on him by Defendant Sebastian and AND Syndicated Productions to get him to agree to arbitrate his civil claim on the Judge Mathis program in Chicago. The performance of the contract that resulted from the alleged fraudulent activity also required Plaintiff to undertake action in North Carolina; Plaintiff agreed to dismiss the civil action he filed in a North Carolina Court and resolve a North Carolina civil dispute in arbitration in Chicago as a part of a television program. Like the defendant in <u>Vishay</u>, Defendants Sebastian and AND Syndicated Productions could reasonably be expected to answer Plaintiff in North Carolina for claims arising out of these contacts. <u>See id.</u> at 1068-69; <u>Barclays</u>, 750 F. Supp. at 190. These contacts with North Carolina were also specifically related to one of the causes of action asserted in the Amended Complaint.

In addition, North Carolina also has an interest in this case. Plaintiff is a

North Carolina resident who filed a civil action pursuant to North Carolina law in a North Carolina state court. Upon seeing the civil filing in North Carolina, a producer for the Judge Mathis program contacted Plaintiff in North Carolina and repeatedly solicited him in North Carolina to allow an arbitrator in Chicago resolve his dispute, rather than the North Carolina court where the complaint was originally filed. Moreover, the injury to Plaintiff occurred in North Carolina. Vishay, 696 F.2d at 1068; Barclays, 750 F. Supp. at 190. Finally, the conduct of Defendants Sebastian and AND Syndicated Productions connected to North Carolina are such that they could reasonably anticipate being hailed into a court in North Carolina. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980).

Upon a review of the allegations in the Amended Complaint and the relevant due process factors, the Court finds that Defendants Sebastian and AND Syndicated Productions had sufficient contacts with North Carolina such that subjecting them to personal jurisdiction here would not violate due process. Accordingly, the Court finds that personal jurisdiction is proper only as to Defendants Sebastian and AND Syndicated Productions.

### C. Venue is Not Proper in this Court

Forum selection provisions in contracts are presumptively valid and enforceable. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). "But the presumption of enforceability that forum selection and choice of law provisions enjoy is not absolute and, therefore, may be overcome by a clear showing that they are unreasonable under the circumstances." Id. (internal citation and quotation omitted). The United States Court of Appeals for the Fourth Circuit has set forth four situations where a forum selection clause may be unreasonable:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4)[its] enforcement would contravene a strong public policy of the forum state.

Id.; Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 643, 651 (4th Cir.2010).

The Arbitration Agreement signed by Plaintiff and AND Syndicated Productions, Inc. contained a mandatory choice of law and forum selection clause. Specifically, the Arbitration Agreement provides:

> This Agreement shall be construed and interpreted under the laws of the State of California and any litigation arising out of this Agreement shall be filed in the Los Angeles County Superior Court, Central District, located at 111 North Hill Street, Los Angeles, California 90012 or the Municipal Court of the Los Angeles Judicial District, located at 110 North Grand Avenue, Los Angeles, California 90012.

(Ex. D to Pl.'s Am. Compl. § 19.) Thus, under the terms of the Arbitration

Agreement entered into by Plaintiff, he agreed to litigate any claims arising out of the Arbitration Agreement in state court in California under the laws of California. (Id.)  Unless Plaintiff can demonstrate that the forum selection clause is unreasonable under Allen, the proper course of action for this Court is to dismiss the Amended Complaint under Rule 12(b)(3) for improper venue.  See Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 549 (4th Cir. 2006).

First, the application of California law to this contractual dispute will not deprive Plaintiff of a remedy.  Second, while North Carolina is a more convenient forum than California for Plaintiff to litigate this dispute, requiring Plaintiff to litigate his claims in California - the contractually agreed upon forum - is not so inconvenient as to deprive Plaintiff of his day in Court.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S. Ct. 1907, 1917 (1972).

Third, the enforcement of the California forum selection clause does not contravene a strong public policy of the forum state that would warrant setting aside the contractually agreed upon forum.  N.C. Gen. Stat. 22B-3 does not otherwise render the forum selection clause invalid.  Section 22B-3 provides that:

> Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable. This prohibition shall not apply to non-consumer loan transactions or to any action or arbitration of a dispute that is

> commenced in another state pursuant to a forum selection provision
> with the consent of all parties to the contract at the time that the dispute
> arises.

The enactment of Section 22B-3, however, does not otherwise render the freely

negotiated forum selection clause unenforceable in this Court.  See Albemarle

Corp, 628 F.3d at 652-53 (holding that a similar South Carolina statute did not

render the forum selection clause invalid).  Federal Courts in North Carolina

routinely enforce forum selection clauses despite the existence of Section 22B-3.

See e.g. Turfworthy, LLC v. Dr. Karl Wetekam & Co., 25 F. Supp. 2d 496, 509

(M.D.N.C. 2014); WW Healthcare Consultants, LLC v. Lintech, LLC, Civil

Action No. 5:13-CV-00142-RLC-DSC, 2014 WL 3547373, at *3 (W.D.N.C. Jul

17, 2014) (Voorhees, J.); Tree.com, Inc. v. Laureate Online Educ. BV, No. 3:13-

CV000040-FDW-DSC, 2013 WL 4079303, at *4 (W.D.N.C. Aug. 13, 2013)

(Whitney, C.J.); Vekash Holdings II, LLC v. Granite Falls Partners, LLC, No.

3:11-CV-508-FDW-DSC, 2011 WL 6257199, at *3 (W.D.N.C. Dec. 15, 2011)

(Cayer, Mag. J.).

    Fourth, while Plaintiff alleges that he was defrauded into entering the

Arbitration Agreement as a whole, he does not allege that the incorporation of the

forum selection clause into the Arbitration Agreement was the product of fraud.

See Allen, 94 F.3d at 928.  As the Supreme Court has explained:

> This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.

Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14,   94 S. Ct. 2449, 2457 (1974); see also Tuscan Downs, Inc. v. Culinary Sch. Fort Worth, LLC, No. 5:08-CV-584-F(3), 2010 WL 3394768, at *4 (E.D.N.C. Aug. 26, 2010).  Because Plaintiff has failed to demonstrate the inclusion of the California forum selection cause contained in the Arbitration Agreement was the product of fraud, the Court finds that the cause is valid and enforceable.

   The Court **RECOMMENDS** that the District Court **DISMISS** the claims asserted against Defendants Sebastian and AND Syndicated Productions without prejudice.  All of the remaining claims arise out of the Arbitration Agreement, and, pursuant to the forum selection clause contained in the agreement, Plaintiff must bring such claims in Los Angeles County Superior Court

**III.    Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to

Dismiss [# 33] and **DISMISS without prejudice** this action.

Signed: June 23, 2016

Dennis L. Howell
United States Magistrate Judge

## <u>Time for Objections</u>

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).