UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00133-MOC-DLH

| | | |
|---|---|---|
| **BRIAN E. PELTIER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GREGORY MATHIS** | ) | |
| **A.N.D SYNDICATED PRODUCTIONS, INC.** | ) | |
| **NBC UNIVERSAL MEDIA, LLC** | ) | |
| **TIME WARNER INC.** | ) | |
| **JONATHAN SEBASTIAN** | ) | |
| **COMCAST CABLE COMMUNICATIONS, LLC** | ) | |
| **LISA BERGMAN** | ) | |
| **WARNER BROTHERS** | ) | |
| **TELEPICTURES PRODUCTIONS INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed by plaintiff, who is proceeding *pro se*.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be

1

dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In addition to Objections, plaintiff has filed a separate motion for an evidentiary hearing. Review of that motion alongside his Objections and the defendants' responses to both pleadings reveals that a hearing is not necessary to resolve the issues now before the court.

The court notes from the outset that it has been involved in the consideration of plaintiff's claims since the day he filed his initial Complaint inasmuch as he requested that the court issue a Temporary Restraining Order prohibiting defendants from broadcasting a nationally syndicated show in which he was featured. The day after he filed his Complaint, this court granted his request for filing *in forma pauperis*, Order (#5), but denied the TRO in a separate six-page Order (#6). Important to the issues addressed by Judge Howell, this court in denying the TRO left "final determination of jurisdiction for a later date as plaintiff may well have executed a forum selection clause when he agreed to participate in the show ….." Id. at 4. In the Memorandum and Recommendation, Judge Howell has succinctly considered defendants' motions to dismiss for lack of personal jurisdiction and lack of

2

venue under the forum selection clause. Under either analysis, Judge Howell's recommendation that this action be dismissed without prejudice is fully consistent with law and supported by the fact that plaintiff executed a forum selection clause and failed to make sufficient allegations in his Amended Complaint which would otherwise have supported exercise of general jurisdiction. The magistrate judge correctly concluded that if this was an appropriate venue (i.e., if plaintiff had not executed the forum selection agreement), the court would have had specific jurisdiction over Defendants Sebastien and Syndicated Productions), but that specific jurisdiction was lacking as to the other named defendants. In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action that arises out of the defendant's activities in the forum state. In analyzing specific jurisdiction over a defendant, courts consider whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Grober v. Mako Products, Inc., 686 F.3d 1335, 1346 (Fed. Cir. 2012) (citation omitted). The allegations of the Amended Complaint do not satisfy the requirements of specific jurisdiction as to the other defendants.

Plaintiff's conclusory allegations in his Objections that the other defendants are, instead, subject to general jurisdiction do not suffice. Plaintiff has raised such contention for the first time in his Objections. He states that they "are most definitely engaged in substantial activities within North Carolina and all other states continually soliciting unsuspecting victims for a period if over 18 years" in the form of mailings. Objections (#45) at 1. Such conclusory statements, even if considered to be further amendments to

the Amended Complaint, do not suffice to create personal jurisdiction.

The court has also considered plaintiff's Objections concerning Judge Howell's finding that this court provides an improper venue based on a forum selection clause. Here, plaintiff can point to no evidence that the forum selection clause was obtained by fraud. Simply alleging that one does not like the result of the clause or that one was treated unfairly in the transaction underpinning the forum selection agreement is not a reason to set the agreement aside – if that were the case, no forum selection clauses would be enforceable as they are always reviewed in light of a dispute arising after the fact of their execution. As to showing that requiring him to litigate his dispute in the forum selected in the agreement would be so difficult and inconvenient as to deny him a meaningful day in court, plaintiff has not satisfied his burden of proof, which is a heavy one. Further, he cannot show that litigating this matter in a California forum would deprive him of a remedy. Finally, the court has considered plaintiff's citation to the North Carolina public policy disfavoring forum selection clauses. N.C.Gen.Stat. § 22B-3. While the court has placed that important policy in the balance, it does not outweigh the three other factors. <u>Tracy v. Loram Maint. Of Way, Inc.</u>, 2011 WL 2791257, at * 5 (W.D.N.C. July 14, 2011) (Voorhees, J.).

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#44) is **AFFIRMED,** plaintiff's Objections (#45) are **OVERRULED**, plaintiff's Motion for Evidentiary Hearing (#48) is **DENIED**, defendants' Motion to Dismiss (#33) is **GRANTED,** and this action is **DISMISSED** without prejudice as to refiling in the Los Angeles County Superior Court, Central District, or the Municipal Court of the Los Angeles Judicial District, in California.

Signed: August 16, 2016

Max O. Cogburn Jr.
United States District Judge